UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MASCRENAS,<br><br>                           Plaintiff,<br>v.<br>OFFICER WAGNER,<br><br>                         Defendant. | Case No.: 19cv2014-WQH(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINITFF'S REQUEST FOR PRINT OUTS**<br><br>**[ECF Nos. 16 & 21]** |

On March 30, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel that was received on April 2, 2020. ECF Nos. 11 and 12; see also ECF No. 5 (order granting motion to proceed *in forma pauperis*). In support of his Motion, Plaintiff alleged that (1) he could not afford a lawyer, (2) his imprisonment limited his ability to litigate his case, (3) he is a "lay person without experience and knowledge on law," and (4) that he was reliant upon another inmate, who would soon be transferring to another prison, to assist him with his case. ECF No. 12 at 1-2. The Court denied Plaintiff's request on April 14, 2020, finding that Plaintiff failed to establish the requisite "exceptional circumstances" to justify the appointment of counsel. ECF No. 13.

On April 22, 2020, Plaintiff submitted an Objection to the Court's order and a request for a copy of the objection and previous motion for appointment of counsel that was accepted on discrepancy on April 28, 2020. ECF Nos. 15 and 16. On April 27, 2020, Plaintiff appealed the Court's April 14, 2020 order to the Ninth Circuit. ECF No. 14. On May 21, 2020, the Ninth Circuit

issued an order stating

> A review of the record demonstrates that this court lacks jurisdiction over this appeal because the April 14, 2020 order challenged in the appeal is not final or appealable. *See* 28 U.S.C. § 1291; *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986) (denial of appointment of counsel in civil case is not appealable). Consequently, this appeal is dismissed for lack of jurisdiction. **DISMISSED**.

ECF No. 19 (emphasis in original). Because the Ninth Circuit has ruled on Plaintiff's appeal, the Court will now address Plaintiff's April 22, 2020 objection [see ECF No. 16].

After reviewing Plaintiff's objection, the Court elects to treat the pleading as a motion for reconsideration of the Court's April 14, 2020 order denying Plaintiff's request for appointment of counsel. See ECF No. 16 at 2 (Plaintiff "would like for Court to reconsider the Appointment of Counsel Request."); see also ECF No. 21 ("Plaintiff belie[ves] he filed a motion for reconsideration after the denial").

## LEGAL STANDARD

Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." CivLR 7.1(i)(1); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (explaining that where reconsideration of a non-final order is sought, the district court has inherent jurisdiction to modify, alter, or revoke its earlier ruling). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1). Civil Local Rule 7.1(i)(2) permits motions for reconsideration within twenty-eight (28) days of the entry of the ruling sought to be reconsidered.

## DISCUSSION

Plaintiff requests reconsideration of the Court's April 14, 2020 order. ECF No. 16 at 2. In support, Plaintiff argues that his motion for appointment of counsel should have been granted because he has shown that there are exceptional circumstances in his case because (1) he is a lay person without legal knowledge, (2) his assistant will not be able to help him any longer, (3) he needs counsel to assist him in locating witnesses, and (4) the law library is currently closed

preventing him from conducting any legal research. Id. at 1-2. Plaintiff also requests "a copy of this motion and the motion of appointment of counsel sen[t] priorly [sic]."[1] Id. at 2.

As this Court explained in its April 14, 2020 Order, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts have the authority to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's motion for reconsideration fails to show "new or different facts and circumstances" which did not exist, or were not shown in his previous motion for appointment of counsel. CivLR 7.1(i)(1); see also ECF No. 16. Instead, Plaintiff merely repeats the arguments made in his motion to appoint counsel [ECF No. 12]. These arguments are no more persuasive now than when they were initially presented to the Court and fail to demonstrate that exceptional circumstances exist. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir.1998) (en banc) (holding that the appellant

---

[1] On May 20, 2020, Plaintiff submitted a Motion to Get Print Out of Motion for Appointment of Councel [sic] (ECF 12) And Other Motions Necessary to File Statement Requested on Court of Appeals that was received on May 22, 2020 and accepted on discrepancy on May 28, 2020. ECF Nos. 20 and 21. Plaintiff requests a copy of ECF Nos. 12, 13, and 16 and the docket so that he can file the opening brief required for his appeal to the Ninth Circuit of the Court's April 14, 2020 order. ECF No. 21. ECF No. 13 was mailed to Plaintiff via U.S. Mail Service on April 14, 2020 and Plaintiff's appeal was dismissed for lack of jurisdiction. ECF No. 19. Accordingly, Plaintiff no longer needs the requested documents in order to file his opening brief with the Ninth Circuit. However, in light of the fact that Plaintiff states he has been unable to make copies of his pleadings prior to mailing them to the Court because the law library has been closed and he has not had access to the copy machine [see ECF No. 21 at 1], the Court **GRANTS** Plaintiff's request and directs the Clerk of Court to mail Plaintiff a copy of the current docket sheet and ECF Nos. 12, 13, and 16. Plaintiff is warned that future requests for copies of the pleadings in this matter will likely not be granted and Plaintiff is responsible for copying his pleadings before mailing them to the Court. The Court will continue to serve copies of its orders on Plaintiff as usual.

"may well have fared better [with appointed counsel]—particularly in the realms of discovery and the securing of expert testimony—but this is not the test"); see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec.2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily.  This alone does not deem a case complex."). Accordingly, Plaintiff has failed to meet the standard for prevailing on his motion for reconsideration of the Court's denial of his request for the appointment of counsel.

Because Plaintiff fails to demonstrate new or different facts that could not be shown in his initial motion for appointment of counsel, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  6/1/2020

Hon. Barbara L. Major
United States Magistrate Judge