UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD MASCRENAS, | Case No.: 19cv2014-WQH(BLM) |
|---|---|
| Plaintiff | **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| v. | |
| OFFICER WAGNER, | **[ECF No. 25]** |
| Defendant. | |

On March 30, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel that was received on April 2, 2020. ECF Nos. 11 and 12; see also ECF No. 5 (order granting motion to proceed *in forma pauperis*). In support of his Motion, Plaintiff alleged that (1) he could not afford a lawyer, (2) his imprisonment limited his ability to litigate his case, (3) he is a "lay person without experience and knowledge on law," and (4) that he was reliant upon another inmate, who would soon be transferring to another prison, to assist him with his case. ECF No. 12 at 1-2. The Court denied Plaintiff's request on April 14, 2020, finding that Plaintiff failed to establish the requisite "exceptional circumstances" to justify the appointment of counsel. ECF No. 13.

On April 22, 2020, Plaintiff submitted an Objection to the Court's order and a request for a copy of the objection and previous motion for appointment of counsel that was accepted on discrepancy on April 28, 2020. ECF Nos. 15 and 16. On April 27, 2020, Plaintiff appealed the Court's April 14, 2020 order to the Ninth Circuit. ECF No. 14. On May 21, 2020, the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction. ECF No. 19. After the Ninth

Circuit ruled on Plaintiff's appeal, the Court addressed Plaintiff's April 22, 2020 objection [see ECF No. 16] and elected to treat the objection as a motion for reconsideration of the Court's April 14, 2020 order denying Plaintiff's request for appointment of counsel. See ECF No. 22; see also ECF No. 16 at 2 (Plaintiff "would like for Court to reconsider the Appointment of Counsel Request."); see also ECF No. 21 ("Plaintiff belie[ves] he filed a motion for reconsideration after the denial"). The Court denied Plaintiff's motion because it failed to demonstrate new or different facts that could not be shown in his initial motion for appointment of counsel. ECF No. 22 at 4.

On June 6, 2020, Plaintiff submitted a Motion to Appoint Counsel that was received on June 9, 2020 and accepted on discrepancy on June 15, 2020. ECF Nos. 24 and ECF No. 25. On June 16, 2020, the Court issued an Order Setting Briefing Schedule requiring Defendant "to respond to Plaintiff's argument regarding his lack of access to the law library in light of the COVID-19 pandemic and his entitlement to the appointment of counsel in light of that lack of access" on or before July 6, 2020 and Plaintiff to reply on or before July 27, 2020. ECF No. 26 at 1-2. Defendant filed timely opposition on July 6, 2020. ECF No. 28. Plaintiff filed a reply on July 26, 2020. ECF No. 29.

## LEGAL STANDARD

As Plaintiff is aware from the Court's previous orders, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## PARTIES' POSITIONS

Plaintiff argues that the Court's previous order [see ECF No. 22] was incorrectly decided

and failed to recognize that Plaintiff included two new arguments in support of his request for counsel. ECF No. 25 at 1. Specifically, Plaintiff argues that he needs appointed counsel because (1) the prison law library is closed due to the pandemic, and he does not have access to legal materials or a computer in violation of his rights to due process and access to the Court and (2) he needs an attorney to locate witnesses and conduct discovery. Id. at 1-2. Plaintiff argues that he must be appointed counsel since he is without access to a law library. Id. at 2. Plaintiff notes that his legal assistant will no longer be able to help him and that he is in the middle of discovery, but does not know anything about this "critical stage." Id. Finally, Plaintiff argues that he has met the "exceptional circumstances requirement."[1] Id.

Defendant contends that despite Plaintiff's claim that it is "impossible" for him to do legal research because the law library is closed, Plaintiff physically visited the law library for more than four hours three days before he signed the instant motion and visited for a total of ten hours in the two week period before he signed the instant motion. ECF No. 28 at 1; see also ECF No. 28-2, Declaration of A. Mondet[2] ("Mondet Decl.") at ¶ 5. Defendant acknowledges that the law library closed during the second week of June 2020, but explains that its services and staff are still available to inmates via a paging service. Id. at 2; see also Mondet Decl. at ¶ 3. The paging service allows inmates to complete a form requesting legal research materials and copies that the library staff and/or custody officers then provide to the inmates in their cells. Id.; see also Mondet Decl. at ¶ 3. On June 15, 2020, the library staff instructed Plaintiff on the workings of the paging system and provided him with a request form. Id.; see also Mondet Decl. at ¶ 7. Plaintiff had not yet utilized the service at the time the opposition was filed. Id. Defendant notes that Plaintiff was able to serve Interrogatories, Requests for Admissions and Requests for Production of Documents on Defendant without the assistance of counsel and that

---

[1] Plaintiff also requests a copy of the instant motion. ECF No. 25 at 1. The Court granted his request when it issued the briefing schedule for the instant motion. ECF No. 26 at 1 n.1.

[2] A. Mondet is "the supervising law librarian employed by the California Department of Corrections and Rehabilitation at the Richard J. Donovan Correctional Facility." Mondet Decl. at ¶ 1.

the motion filing deadline is still three months away. Id.; see also ECF No. 28-1, Declaration of John P. Walters ("Walters Decl.") at ¶ 2. Finally, Defendant contends that the appointment of counsel is unnecessary, and that Plaintiff's motion should be denied. Id. at 3.

Plaintiff replies that despite serving discovery on Defendant, he does not "know what Interrogatories, Admissions and Request for Documents are" and that during the ten hours of library time, his friend assisted him in drafting his discovery requests. ECF No. 29 at 3, 9-10, Declaration of Raul Arellano ("Arellano Decl."). Plaintiff notes that the library staff is unable to assist him with drafting discovery requests because they are not familiar with the details of his case, are not permitted to review his case, and can only give him a book and tell him to figure it out himself. Id. at 3, 6. Plaintiff also notes that Defendant has objected to his discovery requests and that he submitted a library request form asking how he could require Defendant to respond, but has not received any help. Id. at 3-4, Arellano Decl. Plaintiff argues that the paging system does not work and that he is not aware of any inmate who has had a library staff member or correctional officer go to their cell and provide assistance. Id. at 4. Plaintiff notes that due to his lack of legal knowledge, he is unable to request a specific legal resource and needs assistance from someone who is trained in the law. Id. Finally, Plaintiff argues that contrary to Defendant's contention, he tried to use the library paging system on June 20 and 30, 2020 and on July 11, 2020 by submitting the request form, and not only received no responses, but also lost paperwork that he submitted to be copied. Id. at 5. Plaintiff notes that the discovery period is the time to get expert witnesses and other evidence which is why he is requesting an appointment at this time. Id. at 6. Plaintiff requests that the Court send him a copy of his reply since he was unable to make a copy in the prison law library.[3]

///

---

[3] The Court **GRANTS** Plaintiff's request and directs the Clerk of Court to mail Plaintiff a copy of the reply, ECF No. 29. Plaintiff is warned that future requests for copies of the pleadings in this matter may not be granted and Plaintiff is responsible for copying his pleadings before mailing them to the Court. The Court will continue to serve copies of its orders on Plaintiff as usual.

## DISCUSSION

While it is too early for the Court to determine Plaintiff's likelihood of success on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" that would warrant appointment of counsel. A plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc); see also Taa v. Chase Home Fin., 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, as these are the types of difficulties many other litigants face in proceeding in pro se); Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex issues."); see also LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming a district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex.

First, Plaintiff has not alleged the requisite "exceptional circumstances" at this time. While Plaintiff may be unable to physically visit the prison law library, he is still able to request materials and copies and conduct legal research. The Court understands Plaintiff's allegation that the library paging system is not being honored, but it is unclear that Plaintiff is properly using the paging system as it seems that Plaintiff did not submit the proper form when attempting to file his requests. Plaintiff argues that he tried using the paging system when he submitted requests on June 20, 2020 and Jul 11, 2020, but it appears that on July 11, 2020, Plaintiff submitted Form 22 Inmate/Parolee Request For Interview, Item or Service [see ECF No. 29 at 5 and 14-15] which is not the same as the Library Paging Request Form [see ECF No. 29 at 12]. This is supported by Ms. Mondet's declaration which states that the library staff informed Plaintiff about the paging system after receiving a June 11, 2020 CDCR 22 from Plaintiff and provided him with the proper request form. Mondet Decl. at ¶ 7. Regardless, the facts remain that Plaintiff does

have access to the law library and the method of law library access is not an exceptional circumstance unique to Plaintiff as it is common to many prisoners. See Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); see also Snowden v. Yule, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); and Montgomery v. Crane, 2020 WL 2848149, at *1–2 (D. Colo., June 2, 2020) (finding that an appointment of counsel was not warranted where plaintiff contended that "the Court should appoint counsel because due to covid-19 the correctional facility in which he is incarcerated has been on a lockdown since April 2020 and he is unable to access the law library" and plaintiff was still able to file papers with the court, did not request an extension of time, and did not contend that there were matters currently requiring the use of the law library.). Finally, Plaintiff's complaint appears to be more about the lack of research assistance and direction that he receives from the library staff than about the lack of access to legal research materials. While Plaintiff is entitled to be able to access legal materials [see Cal. Code Regs., tit. 15, § 3122(a) ("[e]ach facility shall provide legal materials through its law library to provide inmates with meaningful access to the courts.")], there is no similar entitlement to assistance in using those legal materials for an inmate's individual case.

Second, Plaintiff has drafted and submitted several pleadings without the assistance of counsel. See Docket. In addition to the instant Motion, Plaintiff has submitted a Complaint [ECF No. 1], a Motion to Proceed *In Forma Pauperis* [ECF No. 2], a Prisoner Trust Fund Account Statement [ECF No. 3], Exhibits in Support of his Complaint [ECF No. 4], a Motion to Appoint Counsel [ECF No. 12], a Notice of Appeal [ECF No. 14], a Motion for Reconsideration [ECF No. 16], and a Motion to get Print Outs [ECF No. 21]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case and there is no indication that

the issues are overly complex. Plaintiff has also drafted and served discovery. Walters Decl. at ¶ 2. Plaintiff's reliance on Mr. Arellano for assistance in drafting his pleadings and discovery requests does not alter this analysis. See Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . ."); see also Williams v. Kernan, 2019 WL 1099842, at *3 (S.D. Cal. Mar. 8, 2019).

Because Plaintiff has not established the requisite "exceptional circumstances," the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

Dated: 8/3/2020

Hon. Barbara L. Major
United States Magistrate Judge