UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MASCRENAS,<br><br>Plaintiff<br><br>v.<br><br>OFFICER WAGNER,<br><br>Defendant. | Case No.: 19cv2014-WQH(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 32]** |

On August 12, 2020, Plaintiff submitted a motion for reconsideration that was received by the Court on August 17, 2020 and accepted on discrepancy on August 20, 2020. EFC Nos. 31 & 32. Plaintiff seeks reconsideration of the Court's August 3, 2020 Order denying Plaintiff's request for the appointment of counsel [see ECF No. 30]. ECF No. 32 at 1.

## BACKGROUND

On March 30, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, submitted a Motion to Appoint Counsel that was received on April 2, 2020. ECF Nos. 11 and 12; see also ECF No. 5 (order granting motion to proceed *in forma pauperis*). In support of his Motion, Plaintiff alleged that (1) he could not afford a lawyer, (2) his imprisonment limited his ability to litigate his case, (3) he is a "lay person without experience and knowledge on law," and (4) that he was reliant upon another inmate, who would soon be transferring to another prison, to assist him with his case. ECF No. 12 at 1-2. The Court denied Plaintiff's request on April 14, 2020, finding that Plaintiff failed to establish the requisite "exceptional circumstances" to justify the appointment of counsel. ECF No. 13.

On April 22, 2020, Plaintiff submitted an Objection to the Court's order and a request for a copy of the objection and previous motion for appointment of counsel that was accepted on discrepancy on April 28, 2020. ECF Nos. 15 and 16. On April 27, 2020, Plaintiff appealed the Court's April 14, 2020 order to the Ninth Circuit. ECF No. 14. On May 21, 2020, the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction. ECF No. 19. After the Ninth Circuit ruled on Plaintiff's appeal, the Court addressed Plaintiff's April 22, 2020 objection [see ECF No. 16] and elected to treat the objection as a motion for reconsideration of the Court's April 14, 2020 order denying Plaintiff's request for appointment of counsel. See ECF No. 22; see also ECF No. 16 at 2 (Plaintiff "would like for Court to reconsider the Appointment of Counsel Request."); see also ECF No. 21 ("Plaintiff belie[ves] he filed a motion for reconsideration after the denial"). The Court denied Plaintiff's motion because it failed to demonstrate new or different facts that could not be shown in his initial motion for appointment of counsel. ECF No. 22 at 4.

On June 6, 2020, Plaintiff submitted a Motion to Appoint Counsel that was received on June 9, 2020 and accepted on discrepancy on June 15, 2020. ECF Nos. 24 and 25. On June 16, 2020, the Court issued an Order Setting Briefing Schedule requiring Defendant "to respond to Plaintiff's argument regarding his lack of access to the law library in light of the COVID-19 pandemic and his entitlement to the appointment of counsel in light of that lack of access" on or before July 6, 2020 and Plaintiff to reply on or before July 27, 2020. ECF No. 26 at 1-2. Defendant filed a timely opposition on July 6, 2020. ECF No. 28. Plaintiff filed a reply on July 26, 2020. ECF No. 29. On August 3, 2020, the Court issued an order denying Plaintiff's motion without prejudice for failure to establish "exceptional circumstances." ECF No. 30.

## **LEGAL STANDARD**

Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." CivLR 7.1(i)(1); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (explaining that where reconsideration of a non-final order is sought, the district court has inherent jurisdiction to modify, alter, or revoke its

earlier ruling). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i)(1). Civil Local Rule 7.1(i)(2) permits motions for reconsideration within twenty-eight (28) days of the entry of the ruling sought to be reconsidered.

## DISCUSSION

Plaintiff requests reconsideration of the Court's August 3, 2020 order. ECF No. 32. Plaintiff argues that the Court's previous order contained "unreasonable determinations of [the] facts and evidence presented." Id. at 1. Specifically, Plaintiff disputes the Court's conclusion that he was unable to utilize the library paging system because he was using the incorrect Form 22 Inmate/Parolee Request For Interview, Item or Service. Id. Plaintiff argues that as he stated in his reply [see ECF No. 29], he submitted several Library Paging Request Forms, but the library never responded, and he is unable to prove this because the Library Paging Request Form does not contain a carbon paper copy for his records. Id. at 1-2. Plaintiff notes that he did submit a Form 22 Inmate/Parolee Request For Interview, Item or Service on June 11, 2020, but only so that he would have proof of his requests for library materials. Id. at 2.

Plaintiff reiterates his argument that neither library staff nor correctional officers ever bring library materials to inmates regardless of the form submitted. Id. Plaintiff notes that the declaration provided by Ms. Mondet [see ECF No. 28-2], the supervising law librarian employed by the California Department of Corrections and Rehabilitation at the Richard J. Donovan Correctional Facility, does not state that Ms. Mondet has actually seen officers or staff deliver requested research materials, only that there is a procedure in place to do so, which is insufficient to overcome Plaintiff's statement that there is no law library access. Id. Plaintiff also argues that since the Court's August 3, 2020 order, he has submitted five additional Library Paging Request Forms seeking legal research books that have been ignored. Id. at 3. Plaintiff requests that the Court order Defendants to submit declarations from correctional officers and library staff stating that they have delivered legal research materials to an inmate. Id. Plaintiff asks that he be appointed counsel because he does not have access to legal research materials.

As Plaintiff is aware from the Court's previous orders, the Constitution provides no right

to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's motion for reconsideration fails to show "new or different facts and circumstances" which did not exist, or were not shown in his previous motion for appointment of counsel. CivLR 7.1(i)(1); see also ECF No. 25. Instead, Plaintiff merely repeats his previous arguments regarding Ms. Mondet's declaration and his belief that no library staff member or correctional officer has ever delivered legal research materials to an inmate's cell after using the library paging system.[1] ECF No. 32 at 2; see also ECF No. 29 at 4. Plaintiff also repeats his argument that the library paging system exists only on paper because even when he submits requests for materials using the proper paperwork, his requests go unanswered.[2] ECF No. 32 at 1-2; see also ECF No. 29 at 4-5. Accordingly, Plaintiff has failed to meet the standard for prevailing on his motion for reconsideration of the Court's denial of his request for the appointment of counsel. In addition, as explained in the Court's previous order, limited law library access, especially during the COVID-19 pandemic, is not an exceptional circumstance unique to Plaintiff. See Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (the "impacts of the COVID-19 health crisis on prison operations are also common to all

---

[1] The Court notes that in his Declaration in support of Plaintiff's motion for appointment of counsel [ECF No. 25], Mr. Raul Arellano states that while he has not been able to access books or computers for legal research, the library has provided him with cases for his legal research through the library paging system. ECF No. 29 at 9-10.

[2] Plaintiff notes that he cannot prove the previous submissions using the proper Library Paging Request Form because that form does not create a carbon copy for inmates. ECF No. 32 at 1-2; see also ECF No. 29 at 5.

prisoners"); see also Snowden v. Yule, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) ("limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners).

Because Plaintiff fails to demonstrate new or different facts that could not be shown in his initial motion for appointment of counsel, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: 9/10/2020

Hon. Barbara L. Major
United States Magistrate Judge