1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD MASCRENAS,                    Case No.:  19cv2014-WQH(BLM)

12                          Plaintiff,     **ORDER GRANTING IN PART AND**
                                           **DENYING IN PART PLAINTIFF'S (1)**
13   v.                                    **MOTION TO COMPEL, (2)  MOTION**
                                           **FOR SUBPOENAS, AND (3) REQUEST**
14   OFFICER WAGNER,                       **FOR RULING**

15                          Defendants.

16                                         **[ECF NOS. 42, 44, and 50]**

17

18        Currently before the Court is (1) Plaintiff's January 8, 2021 Motion to Compel Defendant

19   in Producing Documents that were Requested by Plaintiff Twice [ECF No. 42], (2) Plaintiff's

20   January 8, 2021 Motion for Duces Tecum so Court Can Subpoena Video Records of Vibra

21   Hospital, Where Incident Occurred [ECF No. 44] and Defendant's response [ECF No. 46], and

22   (3) Plaintiff's March 1, 2021 Request for Court to Rule on Responses Plaintiff Believes are

23   Deficient [ECF No. 50], Defendant's March 15, 2021 Opposition [ECF No. 54], and Plaintiff's

24   March 24, 2021 reply [ECF No. 55].

25        For the reasons set forth below, Plaintiff's Motion to Compel Defendant in Producing

26   Documents that were Requested by Plaintiff Twice is **DENIED AS MOOT**.  Plaintiff's Motion for

27   Duces Tecum so Court Can Subpoena Video Records of Vibra Hospital, Where Incident Occurred

28   is **GRANTED**.  Plaintiff's Request for Court to Rule on Responses Plaintiff Believes are Deficient

is **GRANTED IN PART**.

<u>**BACKGROUND**</u>

On November 29, 2020, Plaintiff submitted a motion that was received by the court on December 2, 2020 and accepted on discrepancy on December 4, 2020. ECF Nos. 38 and 39. Plaintiff requested that the Court issue an order granting his September 10, 2020 motion to compel discovery responses.  ECF No. 39.

On December 4, 2020, the Court issued an Order Denying Plaintiff's Motion and Setting Briefing Schedule.  ECF No. 40.  The Court explained that the September 10, 2020 motion to compel did not appear on the docket and that the Court had no record of receiving the motion. <u>Id.</u>  However, in light of Plaintiff's representations, the Court permitted Plaintiff to resubmit his motion to compel to the Court on or before January 8, 2021 and stated that if Plaintiff did so, Defendant must file an Opposition or a Notice of Non-Opposition on or before January 25, 2021. <u>Id.</u>

Plaintiff timely filed his motion to compel on January 3, 2021.  ECF No. 42.

On January 13, 2021, Defendant filed a Motion to Hold Plaintiff's Motion to Compel in Abeyance for 45 Days "to allow the parties to attempt to resolve this dispute informally and without court intervention."  ECF No. 48.  Defendant noted that the parties met and conferred, and Plaintiff agreed with the request.  <u>Id.</u>  The Court granted the motion that same day and ordered (1) Defendant to serve supplemental or amended discovery responses, as appropriate, on Plaintiff no later February 12, 2021, (2) Plaintiff to notify Defendant Wagner which, if any, discovery responses he still believes are deficient and to file a document with the Court requesting that the Court rule on the discovery responses he still believes are deficient on or before February 27, 2021, and (3) Defendant to file any opposition to Plaintiff's request or Notice of Non-Opposition on or before March 13, 2021.  ECF No. 49.

On February 12, 2021, Defendant served Plaintiff with supplemental responses to the requests identified in Plaintiff's motion to compel.  ECF No. 54 at 2; <u>see</u> <u>also</u> ECF No. 54-1, Declaration of Cassandra J. Shryock in Support of Defendant's Opposition to Plaintiff's Motion to Compel ("Shryock Decl.") at ¶ 5.

On February 25, 2021, Plaintiff submitted his request for the Court to rule on the responses from Defendant that he still finds insufficient.  ECF No. 50.  Defendant filed his opposition on March 15, 2021.  ECF No. 54.  Plaintiff filed a reply on March 24, 2021.  ECF No. 55.

**A.     Motion to Compel [ECF No. 44]¹ and Request for Court to Rule on Responses Plaintiff Believes are Deficient [ECF No. 50]**

Plaintiff seeks additional responses to Request for Production of Documents ("RFP") Nos. 6, 9, 10, and 13.  ECF No. 50.

Defendant contends that Plaintiff's motion should be denied because (1) Plaintiff is improperly expanding his discovery requests in his motion, (2) Plaintiff is seeking third-party inmate records, and (3) Defendant properly responded to Plaintiff's requests with documents and a privilege log.  ECF No. 54.

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably

---

¹ Because Plaintiff filed a new motion narrowing the requests at issue, Plaintiff's Motion to Compel [ECF No. 44] is **DENIED AS MOOT**.

3

cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)")".

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

RFP No. 6 and Defendant's responses are as follows:

**REQUEST FOR PRODUCTION NO. 6**:

Any and all records of training that has [sic] been provided to defendant on situations when defendant had to take inmate to outside hospital for an appointment. The time frame for this discovery request is the time defendant became employed by the CDCR to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO 6**:

Defendant is conducting a search for responsive documents. Defendant will provide an updated response and/or produce any responsive documents as soon as possible.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defendant realleges and incorporates by reference his prior objections. Subject to and without waiving those objections, Defendant responds: Defendant produces AGO 1 – AGO 19.

Shryock Decl. at Exh. A. Plaintiff argues that his request concerns the type of training Defendant received on transporting an inmate to an outside hospital including how an inmate should be chained up, when force should be applied, when back up should be called, and what to do when there is an escape attempt. ECF No. 50 at 1. Plaintiff argues that instead of fully responding

to the request, Defendant merely provided the number of hours of training Defendant received without any specifics about the content of the training itself.  Id.   Defendant contends that he properly responded to this request and produced a record of all the trainings he received.  ECF No. 54 at 3.  Defendant further contends that Plaintiff is attempting to expand the scope of his initial request through his motion to compel and obtain details of the trainings themselves which should not be permitted.  Id.

Plaintiff's request to compel additional response to RFP No. 6 is **GRANTED**.   "The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." Willis v. Ritter, 2007 WL 2455873, at *1 (S.D. Cal., Aug. 24, 2007) (quoting Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)).  "The rule of liberal construction is 'particularly important in civil rights cases'" and "also applies to discovery propounded by pro se litigants." Id. (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)) and (citing Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) (courts should treat pro se litigants with "great leniency" when evaluating compliance with the technical rules of civil procedure)); see also Simmons v. Arnett, 2018 WL 6133677, at *2 (C.D. Cal., Apr. 24, 2018)  ("Because Plaintiff is proceeding pro se, the Court liberally construes his discovery requests and does not hold him to the same standards as a represented party") (citing Ferdik, 963 F.2d at 1261 and Wills, 2007 WL 2455873 at *1-2).  Interpreted liberally, Plaintiff's request seeks not just the date and length of any training but the content of the training.   Accordingly, if Defendant has documents describing the content of the identified trainings, Defendant must produce them to Plaintiff.

RFP No. 9 and Defendant's responses are as follows:

**REQUEST FOR PRODUCTION NO. 9**:

Any and all documents received, read or reviewed by defendant that refer or relate to training, policies, or procedures on when use of force is adequate to be use [sic] while taking inmate to outside hospital for medical appointment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Objection. This request is compound, vague and ambiguous, overbroad, irrelevant, and potentially seeks the production of public records that are equally available to Plaintiff.

5

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendant realleges and incorporates by reference his prior objections.  Subject to and without waiving those objections, Defendant responds: Defendant produces Department Operations Manual sections 51020.1 through 51030.8 (AGO 20 – AGO 34).

Shryock Decl. at Exh. A.  Plaintiff argues that the documents provided by Defendant do not discuss how an officer should chain an inmate when transporting the inmate to an appointment at an outside hospital.  ECF No. 50 at 1.  Plaintiff is seeking a document "where it states that Inmates are waist chained up and their hands are handcuffed to front of waist chained."  Id. Defendant contends that he properly responded to this request with fifteen pages from the Department of Operations Manual.  Oppo. at 3-4.  Defendant again contends that Plaintiff should not be permitted to expand the scope of his initial requests.  Id. at 4.

Plaintiff's motion to compel further response to RFP No. 9 is **GRANTED**.  Again, interpreting Plaintiff's request liberally, the phrase "use of force" can include the use of handcuffs and waist chains.  Accordingly, Defendant is ordered to produce any and all documents regarding training, policies, or procedures addressing the use of handcuffs and/or waist chains when transporting an inmate to an outside hospital for a medical appointment.

RFP No. 10 and Defendant's responses are as follows:

**REQUEST FOR PRODUCTION NO. 10**:

Any documents relating to allegations of excessive force by defendant.  Also any informal and formal written complaints (included but not limited to 602's) against defendant, alleging excessive force that occued [sic] ever since defedent [sic] was employed as an officer in CDCR till present. (Including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**: Objection. This request is overbroad in time and scope, potentially seeks irrelevant information, potentially seeks privileged and confidential information, and potentially seeks the production of public records that are equally available to Plaintiff.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Defendant realleges and incorporates by reference his prior objections.  To the extent Plaintiff is requesting all documents related to every complaint and investigation related to Defendant Wagner's alleged use of force during his employment with CDCR, Defendant objects that this request is not proportional to the needs of this case, and is unduly burdensome.  Defendant further objects that due to the over-breadth of the request, responsive documents may include other inmates' records, or other confidential documents that Plaintiff, as an inmate, is not permitted to possess under Title 15 of the California Code of Regulations.  Subject to and without waiving those objections, Defendant responds: Defendant produces AGO 36-47.  Other responsive privileged documents are listed on the attached Privilege Log.

Shryock Decl. at Exh. A.

RFP No. 13 and Defendant's responses are as follows:

**REQUEST FOR PRODUCTION NO. 13**: Any and all formal and informal written complaints (included but not limited to 602's) against C.D.C.R. staff member alleging excessive use of force or misconduct by defendant (including all written responses, appeals, reports, investigations, and/or correspondence regarding the compliant).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**: Objection. This request is vague and ambiguous, overbroad in time and scope, potentially seeks irrelevant information, potentially seeks privileged and confidential information, and potentially seeks the production of public records that are equally available to Plaintiff.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13**: Defendant realleges and incorporates by reference his prior objections.  Defendant further objects that this request is compound, and is vague, ambiguous, and overbroad as to the meaning of the terms "formal and information written complaints," and "against C.D.C.R staff members alleged excessive use of force or misconduct by defendant," such that Defendant cannot respond to this request without guessing as to their meanings.  To the extent Plaintiff is requesting all documents related to every complaint and investigation against Defendant Wagner during his employment with CDCR, made by either inmates or other staff members, Defendant objects that this request is not proportional to the needs of this case, and is unduly burdensome.  Defendant further objects that due to the

over-breadth of the request, responsive documents may include other inmates' records, or other confidential documents that Plaintiff, as an inmate, is not permitted to possess under Title 15 of the California Code of Regulations.  Subject to and without waiving those objections, Defendant responds: Defendant produces AGO 35-47.  Other responsive privileged documents are listed on the attached Privilege Log.

Shryock Decl. at Exh. A.  In RFP Nos. 10 and 13, Plaintiff seeks all complaints alleging the use of excessive force by Defendant Wagner made by inmates (RFP No. 10) and by CDCR staff (RFP No. 13).  ECF No. 42 at 2-3.  Plaintiff argues that since this case is about excessive force, the documents are relevant and necessary to "impeach and attack [Defendant's] credibility on trial." ECF No. 50 at 2.  Defendant argues that the requests are overbroad and not proportional to the needs of the case since they seek documents "for the entire duration of Defendant Wagner's career with CDCR."  ECF No. 54 at 4.  Defendant notes that he produced a one-page document listing all inmate appeals alleging misconduct by Defendant and identified (but did not produce) thirty-three pages of documents relating to other complaints against Defendant.  Id.; see also Shryock Decl. at ¶ ¶ 7-9, Exh. A.  Defendant contends that Plaintiff is not permitted to possess the documents described on his privilege log[2] and that Plaintiff has not demonstrated a need for the documents.  Id. at 5.

Defendant's claim of privilege is based on Cal. Pen. Code §§ 832.7 and 832.8 and Federal Rule of Evidence ("Fed. R. Evid.") §501.[3]  Shryock Decl. at Exh. B.  Cal. Pen. Code § 832.7 states that "the personnel records of peace officers and custodial officers and records maintained by

---

[2] Defendant requests that if the Court orders that the documents on the privilege log be produced, Defendant be permitted to redact the personally identifying information of staff and inmates and that Plaintiff not be permitted to possess the documents, but instead shown the documents through the litigation office at his institution.  Oppo. at n.3.

[3] Fed. R. Evid. §501 states that "[t]he common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court.  But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."

any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding."[4]  "Federal courts, however, have found that § 832.7 is not applicable in evaluating discovery disputes in 42 U.S.C. § 1983 claims."  Vargas v. County of Los Angeles, 2020 WL 4032671, at *4 (C.D. Cal., May 11, 2020) (quoting Anderson v. City of Rialto, 2017 WL 10562686, at *3 (C.D. Cal. June 28, 2017) (electing to "not apply California Penal Code § 832.7 to its analysis of this matter") (citing Green v. Baca, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005); Miller v. Pancucci, 141 F.R.D. at 298-99 (C.D. Cal. 1992) (finding California rules for discovery and privileges, including California Evidence Code § 1043, referenced in § 832.7 and other sections of the California Penal Code, to be "fundamentally inconsistent" with federal law and the liberal federal policy on discovery)); see also Medina v. County of San Diego, 2014 WL 4793026, at *7 (S.D. Cal., Sept. 25, 2014) ("[t]o the extent the Defendant relies on the privilege set forth in California Penal Code section 832.7, federal courts do not recognize section 832.7 as relevant to evaluating discovery disputes in 42 U.S .C. § 1983 cases.").  Accordingly, Defendant's claim of privilege based on section 832.7 is overruled.

Defendant also states that he did not produce the thirty-three pages of documents because Plaintiff is not permitted to possess the requested documents pursuant to Cal. Code of Regs., tit. 15§ 3370(b).  Shryock Decl. at ¶ 9 ("Defendant Wagner identified, but did not produce" the thirty-three pages of documents "[b]ecause Plaintiff cannot possess other inmate's records under California Code of Regulations, title 15, section 3370(b)").  This argument is unavailing.  Cal. Code of Regs., tit. 15§ 3370(b) states that an inmate can have access to a case records file *with* a court order.  Cal. Code Regs., tit. 15, § 3370 ("[e]xcept by means of a valid authorization, subpoena, or court order, no inmate or parolee shall have access to another's case records file, unit health records, or component thereof").  Defendant's reliance on these regulations to prohibit Plaintiff from possessing any of the responsive documents is overruled.

---

[4] Cal. Pen. Code § 832.8 defines the terms set forth in Cal. Pen. Code § 832.7.

Defendant's final objection that the requests are overbroad and not proportional to the needs of the case is valid. While Plaintiff limited his requests to allegations involving the use of excessive force, he did not limit them by time. The Court finds that an appropriate time limitation is five years prior to the alleged incident. See Herrera v. County of Fresno, 2019 WL 1284489, at *2 (E.D. Cal., Mar. 20, 2019) (granting in part plaintiff's motion to compel, ordering defendants to provide a privilege log if they are asserting a privilege, and ruling that "Defendants [must] produce to plaintiffs all complaints made by inmates, or individuals acting on their behalf involving the correctional officers at issue for the ten (10) years prior to March 18, 2019"); see also Lavenant v. City of Palm Springs, 2019 WL 6139114, at *1 (C.D. Cal., Aug. 6, 2019) (ordering "defendant City of Palm Springs [to] produce complaints of excessive force involving officer-involved shootings, dishonesty, or illegal activities, and discrimination against persons with mental disabilities for five years prior to November 4, 2016"). Plaintiff states that the alleged use of excessive force occurred on September 24, 2018 [see ECF No. 1 at 3] so the relevant time period is September 24, 2013 to September 24, 2018.

Plaintiff argues that the one-page summary list of inmate appeals alleging misconduct by Defendant Wagner is insufficient because he cannot use the list to impeach Defendant. ECF No. 55 at 3. Plaintiff states that he has no objection to Defendant redacting personally identifying information or information he cannot possess. Id.; ECF No. 50 at 2. Plaintiff explains:

> Basically, all I need is that the grievance was towards Defendant, date of grievance, contents of grievance, and that contents are something similar to what is been [sic] in dispute here, something in regards to excessive force or misconduct.

ECF No. 55 at 3. The Court agrees with Plaintiff. The list provided by Defendant is insufficient.

Defendant is ordered to provide all documents responsive to RFP Nos. 10 and 13 involving an allegation of excessive force by Defendant Wagner alleged to have occurred between September 24, 2013 and September 24, 2018. Defendant may redact all personally identifying information of staff and inmates. The unredacted information provided to Plaintiff must include the date of the alleged incident of excessive force, the substance of the grievance including

specifics regarding the type of force and the circumstances in which it was used, and whether Defendant Wagner was found to have behaved improperly.  If Defendant believes that there is a specific document that cannot be provided to Plaintiff, even with redactions and/or an appropriate protective order, Defendant must file a motion by **April 9, 2021** identifying the document(s) and explaining why the redaction and protective order procedures are insufficient. At the same time, Defendant must submit the documents to efile_major@casd.uscourts.gov for an *in camera* review.

Defendant must produce all of the documents required by this Order by **April 9, 2021**.[5]

## B.     Motion for Duces Tecum [ECF No. 44]

Plaintiff's motion states that

Due to the fact that Defendant refuses to comply with the "Request for Documents" in regards to the production of records video outside Vibra Hospital in San Diego. A video that it is conteats [sic] are material because it reveals and supports my claim of Defendant using an abusive and excessive force.  Till this day Defendant asserts there are no videos. See (2nd set of Request for Documents , No: 8).  But I know ow [sic] seen the cameras outside hospital.  For such reason I would like Court to subpoena video records of such hospital.  I don[']t have the address, only the name but am sure Defendant has the address.

ECF No. 44.  Defendant responds that he "does not oppose Plaintiff's request that the Court issue a subpoena to Vibra Hospital of San Diego for any video footage that may exist of the alleged incident on September 24, 2018, which occurred at approximately 2:00 p.m." and provides the address for Vibra Hospital.  ECF No. 46.  Defendant requests that the subpoena be directed to the Litigation Coordinator at Richard J. Donovan Correctional Facility so that the coordinator can make the footage available to Plaintiff to view in accordance with the facility's policies and procedures.  Id.

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities

---

[5] Defendant's counsel notes that she has received additional documents that are being reviewed and may result in further supplementation or an amended privilege log.  Shryock Decl. at ¶ 10. If there are additional responsive documents, Defendant must produce them by **April 9, 2021**.

19cv2014-WQH(BLM)

that are not parties to the underlying lawsuit.  <u>See</u> Fed. R. Civ. P. 45.  Plaintiff's entitlement "to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal" is subject to certain requirements.  <u>Jeffery v. Bennge</u>, 2008 WL 4584786, *1 (E.D. Cal. Oct. 14, 2008); <u>see</u> <u>also</u> Fed. R. Civ. P. 45; and 28 U.S.C. 1915(d).  Specifically, the Court will only consider granting a request for issuance of a subpoena "if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents."  <u>Id.</u> (citing Fed. R. Civ. P. 34).  Plaintiff must identify with specificity the documents sought and from whom and make a showing that the records are only obtainable through the third party.  <u>Id.</u>  In addition, Plaintiff's requests must fall within the scope of Fed. R. Civ. P. 26(b)(1).  <u>See</u> <u>Gibson v. Beer</u>, 2008 WL 2344340, *1 (E.D. Cal. June 5, 2008).   Because personal service of a subpoena duces tecum is required, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court."  <u>Alexander v. California Dept. of Corrections</u>, 2010 WL 5114931, *3 (E.D. Cal., Dec. 9, 2010) (quoting <u>Austin v. Winett</u>, 2008 WL 5213414, *1 (E.D. Cal. 2008) ) (citing 28 U.S.C. § 1915(d)).  Also, the "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." <u>Id.</u> (quoting <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa. 1991)).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. <u>Id.</u>

Plaintiff's Motion for Duces Tecum so Court Can Subpoena Video Records of Vibra Hospital, Where Incident Occurred is **GRANTED**.  Plaintiff has specifically identified the video footage he is seeking and the institution from which he is seeking it.  The video footage is not equally available to Plaintiff and not obtainable from Defendant through a request for production of documents.  Plaintiff's request falls within the scope of Fed. R. Civ. P. 26 and Vibra Hospital is not likely to be unduly burdened or suffer excessive expense to comply with Plaintiff's narrow and specific request.  Additionally, Defendant does not oppose the request.

The Clerk of Court is **DIRECTED** to mail to Plaintiff a copy of this order and a signed but otherwise blank subpoena duces tecum form [AO-88B "Subpoena to Produce Documents,

Information or Objects or to Permit Inspection of Premises in Civil Action"] which Plaintiff must complete. Plaintiff must identify the video he is seeking by providing as much detail as possible including the date and time of the incident, the location of the camera (for example, outside of the emergency room), and a description of what he is seeking (for example, a prisoner being escorted into the hospital).  Plaintiff also must state in the subpoena that the responsive video should be returned to the Litigation Coordinator at RJ Donovan Correctional Facility.  Plaintiff must return the completed form, along with a copy of this Order, to the United States Marshal for service on or before **April 16, 2021**.  Plaintiff is advised that he must comply with Rule 45 of the Federal Rules of Civil Procedure, which governs the issuance of subpoenas.  Upon receipt of the properly completed U.S. Marshal 285 form and accompanying subpoena, the United States Marshal Service is **ORDERED** to promptly effect service of Plaintiff's subpoena.

   **IT IS SO ORDERED.**

Dated:  3/26/2021

Hon. Barbara L. Major
United States Magistrate Judge

19cv2014-WQH(BLM)