UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MASCRENAS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER WAGNER,<br><br>Defendant. | Case No.: 19cv2014-WQH(BLM)<br><br>**ORDER DENYING PLAINTIFF'S (1) REQUEST FOR DEFENDANT TO PRODUCE GRIEVANCES EVEN IF DEFENDANT WASN'T FOUND GUILTY OF WHATEVER THE GRIEVANCE ALLEGED AND (2) REQUEST FOR COURT TO ORDER DEFENDANT TO DISCLOSE TO PLAINTIFF NEW INFORMATION DISCOVERED**<br><br>**[ECF NOs. 76 & 81]** |

Currently before the Court are Plaintiff's June 9, 2021 "Response to Defendant's Third Supplemental Response and Request for Defendant to Produce Grievances Even if Defendant Wasn't Found Guilty of Whatever the Grievance Alleged" [ECF No. 76], Defendant's response to the June 9, 2021 motion [ECF No. 83], and Plaintiff's June 11, 2021 Motion "Requesting for Court to Order Defendant to Disclose to Plaintiff New Information Discovered" [ECF No. 81]. For the reasons set forth below, Plaintiff's motions are **DENIED**.

## **BACKGROUND**

Plaintiff's current motions arise from the litigation over Defendant's responses to Request for Production ("RFP") Nos. 6, 9, 10 and 13. To aid in understanding the current motions, the Court provides a summary of the discovery disputes addressing RFP Nos. 6, 9, 10 and 13.

On March 26, 2021, the Court granted Plaintiff's request to compel additional responses to the four RFPs. ECF No. 56. While Defendant had produced documents responsive to the RFPs, the Court, interpreting Plaintiff's requests liberally, found that additional information was included in Plaintiff's requests. Id. With regard to RFP No. 6[1], the Court ordered Defendant to produce any documents that describe the content of the trainings that Defendant received on transporting inmates to outside hospitals for medical treatment. Id. at 5. With regard to RFP No. 9[2], the Court ordered Defendant to produce any documents regarding "training, policies, or procedures addressing the use of handcuffs and/or waist chains when transporting an inmate to an outside hospital for a medical appointment." Id. at 6. With regard to RFP Nos. 10[3] and 13[4], the Court ordered Defendant to provide all responsive documents "involving an allegation of excessive force by Defendant Wagner alleged to have occurred between September 24, 2013

---

[1] RFP No. 6 requested "Any and all records of training that has [sic] been provided to defendant on situations when defendant had to take inmate to outside hospital for an appointment. The time frame for this discovery request is the time defendant became employed by the CDCR to present." ECF No. 54-1, Declaration of Cassandra J. Shryock in Support of Defendant's Opposition to Plaintiff's Motion to Compel at Exh. A.

[2] RFP No. 9 requested "Any and all documents received, read or reviewed by defendant that refer or relate to training, policies, or procedures on when use of force is adequate to be use [sic] while taking inmate to outside hospital for medical appointment." ECF No. 54-1, Declaration of Cassandra J. Shryock in Support of Defendant's Opposition to Plaintiff's Motion to Compel at Exh. A.

[3] RFP No. 10 requested "Any documents relating to allegations of excessive force by defendant. Also any informal and formal written complaints (included but not limited to 602's) against defendant, alleging excessive force that occued [sic] ever since defedent [sic] was employed as an officer in CDCR till present. (Including all written responses, appeals, reports, investigations, and/or correspondence regarding the complaint)." ECF No. 54-1, Declaration of Cassandra J. Shryock in Support of Defendant's Opposition to Plaintiff's Motion to Compel at Exh. A.

[4] RFP No. 13 requested "Any and all formal and informal written complaints (included but not limited to 602's) against C.D.C.R. staff member alleging excessive use of force or misconduct by defendant (including all written responses, appeals, reports, investigations, and/or correspondence regarding the compliant)." ECF No. 54-1, Declaration of Cassandra J. Shryock in Support of Defendant's Opposition to Plaintiff's Motion to Compel at Exh. A.

and September 24, 2018." Id. at 10.

### A. RFP Nos. 6 and 9

On April 9, 2021, Defendant filed an *ex parte* application seeking additional time to produce the documents responsive to RFP Nos. 6 and 9. ECF No. 59. Defendant explained that he had produced additional responsive documents, was not aware of any other responsive documents, but that he had requested prison officials to perform an additional search, which was not yet complete. Id. The Court granted this request. ECF No. 60.

On May 11, 2021, Plaintiff filed a motion stating that Defendant had provided documents identifying training courses that Defendant Wagner had attended but had not provided documents describing the contents of the trainings. ECF No. 68. On the same day, the Court repeated its order directing Defendant to produce documents describing the content of the relevant trainings or to state that no such documents exist. ECF No. 69.

On May 24, 2021, Defendant filed a motion for clarification as to whether newly-discovered documents were covered by the Court's May 11, 2021 order. ECF No. 73. Defendant explained that a recent search by prison personnel had discovered "previously unknown and potentially relevant training documents" concerning "how officers are trained to restrain inmates, including how inmates are to be restrained during transports." Id. at 2-3. Defendant stated that he had not personally viewed the documents and the identified procedures were not in effect at the time of the alleged incident. Id. at 3. The Court clarified that its May 11th order covered all "documents regarding training, policies, or procedures addressing the use of handcuffs and/or waist chains <u>that were in effect on the date of the incident or were viewed by Defendant Wagner</u>." ECF No. 74 (emphasis in original).

### B. RFP Nos. 10 and 13

In the April 9th pleading, Defendant advised the Court that with regard to RFP Nos. 10 and 13, he had produced to Plaintiff "three-pages of addition [sic] documents." ECF No. 59-2, Declaration of Cassandra J. Shryock in Support of Defendant's Ex Parte Application at Exh. ¶ 8. Defendant explained the he informed Plaintiff that he "has reviewed the documents listed on the Privilege Log and determined that no documents are responsive based on this Court's order

3

compelling further responses," and therefore, "no additional documents will be produced." ECF Id.

On April 16, 2021, Plaintiff filed a motion to compel further responses to RFP Nos. 10 and 13, arguing that the responsive documents should include documents related to allegations of any type of misconduct, not just excessive force. ECF No. 65. Plaintiff argued that he "need[s] every misconduct, dishonesty, illegal activity by Defendant because those are evidence that can be use[d] to attack credibility of Defendant through impeachment." Id. at 2. In light of Plaintiff's new argument, the Court granted his motion in part, requiring Defendant "to provide any responsive complaints or documents regarding any incident that occurred between September 24, 2013 and the date of this order in which Defendant was found to have committed an act of dishonesty or illegality." ECF No. 66 at 4. The Court denied Plaintiff's request to obtain any other complaints. Id.

## DISCUSSION

### A.   RFP Nos. 10 and 13 - ECF No. 76

On May 24, 2021, Plaintiff submitted a "Response to Defendant's Third Supplemental Response and Request for Defendant to Produce Grievances Even if Defendant Wasn't Found Guilty of Whatever the Grievance Alleged" that was received by the Court on June 1, 2021 and accepted on discrepancy on June 8, 2021. ECF Nos. 75 and 76. Plaintiff states that he received defendant's Third Supplemental Response to RFP Nos. 10 and 13 and that the response states "[t]here ha[ve] been no reports where [Defendant] has been found guilty of excessive force, misconduct, dishonesty." Id. at 1. Plaintiff argues that this response is insufficient because he wants all of the complaints, not just the ones in which Defendant Wagner was found guilty of the allegations. Id. Plaintiff requests that the Court conduct an *in camera* review of all of the documents to determine their relevancy. Id. at 2.

Defendant opposed Plaintiff's motion on June 24, 2021. ECF No 83. Defendant argues that the Court denied Plaintiff's request in its April 28th order and notes that discovery is closed and Plaintiff has not provided a basis for the Court to reconsider its previous ruling. Id. at 1-3 (citing ECF No. 66).

Plaintiff's motion is **DENIED**. Plaintiff asks the Court to reconsider its previous order which required Defendant to only produce documents in which Defendant Wagner was found to have committed an act of dishonesty or illegality and to now require Defendant to produce any document accusing Defendant Wagner of committing an act of misconduct regardless of the findings of any subsequent investigation. The Court considered this argument and rejected it in the Court's original ruling, finding that mere allegations of dishonesty or illegality are not relevant to the instant litigation. ECF No. 66. Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Plaintiff has not satisfied the requirements of a motion for reconsideration as his request for an expanded reading of the Court's previous order does not include any "new or different facts and circumstances . . . which did not exist, or were not shown, upon such prior application" justifying a change in the Court's order.

The Court also **DENIES** Plaintiff's request to conduct an *in camera* review of all documents identified by Defendant. The Court determined that documents alleging dishonesty or illegality, without a finding of guilt, were not relevant to the instant case and defined the documents that did need to be produced. ECF Nos. 56 and 66. Defendant Wagner repeatedly has stated that he has produced all documents required under the Court's previous orders. ECF No. 83 at 1-2 (in response to the Court's March 26, 2021 order, "Defendant Wagner served supplemental responses on Mascrenas, producing three additional pages of documents and informing Plaintiff that none of the documents identified on Defendant's privilege log were responsive based on this Court's order compelling further responses, and therefore no additional documents would be produced."), 2 (in response to the Court's April 28, 2021 order "defense counsel again reviewed all documents listed on Defendant Wagner's privilege log and confirmed that none of the documents were responsive because Defendant Wagner was never found to have used excessive force, engaged in misconduct, or acts of dishonesty."). Defendant Wagner

also submitted a form, AGO 35, to support his position that he was not found to have violated any policies. Id. at 2, 5. Plaintiff does not provide any evidence or argument that Defendant has not produced all of the required documents; he merely argues that the Court should change its mind and require Defendant to produce the unsubstantiated allegations. The Court declines to do so and finds there is no reason for the Court to conduct an *in camera* review of the documents.

### B. RFP Nos. 6 and 9 - ECF No. 81

On June 5, 2021, Plaintiff submitted a motion "Requesting for Court to Order Defendant to Disclose to Plaintiff New Information Discovered" that was received on June 9, 2021 and accepted on discrepancy on June 11, 2021. ECF Nos. 80 and 81. Plaintiff objects to the Court's May 26, 2021 order [ECF No. 74] and requests that the Court require Defendant to produce documents that were previously unknown and "potentially relevant training documents concerning how officers are trained to restrain inmates, including how inmates are to be restrained during transports." ECF No. 81 at 1. Plaintiff explains that these are the documents he has been seeking throughout discovery and that based on the way he has been chained during transports between the correctional facility and the hospital both during and after the alleged incident, there are no differences between the policies in effect at the time of the incident and the policies described in the newly discovered documents. Id. Plaintiff concludes that he wants either the training policies that were in place at the time of the incident and/or that were provided to or viewed by Defendant Wagner or the newly discovered documents and for Defendant to identify which portions of the policies in the newly discovered documents he was unaware of. Id. at 2.

Plaintiff's motion is **DENIED**. First, as with the motion discussed above, the instant motion essentially is a motion for reconsideration of the Court's May 26, 2021 order [ECF No. 74]. Plaintiff has not satisfied the requirements of a motion for reconsideration as his objections do not include any "new or different facts and circumstances . . . which did not exist, or were not shown, upon such prior application" justifying a change in the Court's order. ECF No. 81. The Court found that the newly-discovered documents are not relevant as they discuss policies

6

19cv2014-WQH(BLM)

and procedures that were not in place at the time of the alleged incident and that were not provided to or viewed by Defendant Wagner. ECF No. 74 at 2.

Second, Plaintiff improperly seeks explanations from Defendant regarding the documents that have been produced or that he is requesting be produced. ECF No. 81 at 1. Specifically, Plaintiff states "if Defendant believes there are some differences [in the applicable policies], let Defendant point such out." Plaintiff only is entitled to documents in response to his RFPs, not documents with an explanation. See Federal Rule of Civil Procedure 34.

Finally, it appears as though Plaintiff is claiming that Defendant did not provide him with any policies, even those that were in effect at the time of the alleged incident. Id. at 1-2. However, Defendant Wagner has stated that he has produced all responsive documents to RFP Nos. 6 and 9. ECF Nos. 59-1, 59-2, 73. For example, in response to the initial requests, Defendant stated that he "produced documents in response to both requests." ECF No. 73 at 2. Following Plaintiff's motion to compel further responses [ECF No. 50], the Court liberally construed Plaintiff's RFP Nos. 6 and 9 and ordered Defendant to provide "any and all documents regarding training, policies, or procedures addressing the use of handcuffs and/or waist chains when transporting an inmate to an outside hospital for a medical appointment." ECF No. 56 at 5-6. Defendant served Plaintiff with supplemental responses on April 9, 2021. ECF No. 59-1 at 2 ("Defendant Wagner served Plaintiff with supplemental responses to requests nos. 6, 9, 10, and 13 today"); see also ECF No. 59-2, Declaration of Cassandra J. Shryock in Support of Defendant's Ex Parte Application at Exh. ¶ 7. Defendant noted that he was "not currently aware of any additional documents that are responsive to Plaintiff's requests nos. 6 and 9" but that he requested an additional search take place that was not yet complete. Id. Defendant then produced all documents that were located. ECF No. 73 at 5 and n1. ("Plaintiff did not attach a copy of Defendant Wagner's third supplemental discovery responses to his most recent motion to compel. *Defendant Wagner's discovery responses indicated that he produced all potentially relevant documents that he was currently aware of.*") (emphasis added). On April 23, 2021, Defendant supplemented his answers again with approximately fifty pages of documents found in the additional search. ECF Nos. 68-69, 73. Defendant represents that he has produced all

responsive documents to RFP Nos. 6 and 9 as written by Plaintiff and modified by the Court. Plaintiff has not provided any evidence that the responsive documents have not been produced.

There is no basis for the Court to reconsider its prior order and the evidence presented to the Court indicates that Defendant has complied with the Court's order. Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 7/1/2021

Hon. Barbara L. Major
United States Magistrate Judge