UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MASCRENAS, CDCR #AF-5463,<br><br>        Plaintiff,<br><br>vs.<br><br>M. WAGNER, Correctional Officer,<br><br>        Defendant. | Case No.: 3:19-cv-02014-WQH-BLM<br><br>**ORDER GRANTING MOTION TO APPOINT PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>**[ECF No. 78]** |

Plaintiff Richard Mascrenas, a prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se and has been granted leave to proceed *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. (*See* ECF No. 5.)

## BACKGROUND

Currently pending before the Court is Mascrenas's Complaint ("Compl.") which alleges Defendant Wagner used excessive force against him on September 24, 2018 during a medical transport to a San Diego area hospital. (*See* Compl., ECF No. 1 at 3–6.) Defendant Wagner has filed an Answer, discovery commenced, and on April 1, 2021, Defendant filed a Notice of his intent not to file a motion for summary judgment. (*See* ECF Nos. 8, 57.) On April 19, 202, Magistrate Judge Barbara Lynn Major held a Mandatory Settlement Conference, but no settlement agreement was reached. (*See* ECF No. 63.)

On June 9, 2021, Mascrenas filed a Motion to Appoint Counsel, requesting the Court consider his need for assistance in light of the upcoming trial. (*See* ECF No. 78. ) In light of Mascrenas's Motion, the Court ordered Defendant to file a response, but in the interim, it referred Plaintiff's request to its Pro Bono Panel. (*See* ECF No. 82.)

## DISCUSSION

Although there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Mascrenas's motions to appoint counsel in this case have twice been denied based on his demonstrated an ability to articulate his claims, file motions, oppose Defendant's motions, engage in discovery, and participate in settlement negotiations, *see e.g.,* ECF Nos. 30, 33, he claims he has thus far been assisted by a fellow prisoner, and has "severe medical problems" that are likely to impede him further. (*See* ECF No. 78 at 1.) Moreover, Mascrenas's likelihood of success on the merits has improved as a result of Wagner's failure to seek summary judgment. *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

In light of the impending trial, and Mascrenas's renewed motion for appointment of counsel, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for purposes of representing Mascrenas at trial and during any further proceedings before the Court under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596.  Mascrenas qualifies for a pro bono referral under the Plan because he is an indigent prisoner, Defendant Wagner did not seek summary judgment as to the Eighth Amendment claims alleged him, and those claims require resolution at trial. Thus, because the Court finds the ends of justice would be served by the appointment of pro bono counsel under the circumstances, it referred Mascrenas's case to a volunteer attorney on the Court's Pro Bono Panel. On June 18, 2021, that attorney, on behalf of himself and his firm, graciously agreed to represent Mascrenas pro bono. *See* S.D. Cal. Gen. Order 596.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Mascrenas's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 78) and **APPOINTS** Sanjay Bhandari, Esq., SBN 181920, and the law firm of McNamara Smith, LLP, 655 W. Broadway, Ste 900, San Diego, California, 92101-8484, as Pro Bono Counsel.

Pursuant to S.D. Cal. CivLR 83.3(f)(2), Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible and in light of Mascrenas's incarceration at RJD, a formal written Notice of Substitution of Attorney signed by both Mascrenas and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Bhandari, and/or his firm's associates, will thereafter be considered attorney(s) of record for Mascrenas for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3(f)(1), (2).[1]

---

[1] Mascrenas is cautioned, however, that the Court's Pro Bono Panel is a precious and limited resource. The fact that it has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer law firm does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Mascrenas an attorney of his choosing, or guarantee him any subsequent Pro Bono Panel

The Court further **DIRECTS** the Clerk of the Court to serve Bhandari with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3(f)(2).

**IT IS SO ORDERED**.

Dated: July 22, 2021

Hon. William Q. Hayes
United States District Court

---

referral or appointment. *See Hedges v. Resolution Trust Corp (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").